# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**MIGUEL ANGEL TORRES,**

Movant,

vs.

**CIVIL NO. 03-1376 MCA/DJS**
Criminal No. 02-1488 LH

**UNITED STATES OF AMERICA,**

Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated in the Federal Correctional Institution at Florence, Colorado. There he is serving a sentence of two hundred and sixty-two (262) months as a result of his conviction, pursuant to a plea of guilty, of one count of Possession with Intent to Distribute Fifty Grams and More of Methamphetamine, its Salts, Isomers, or Salts of its Isomers in violation of 21 U.S.C. §841(b)(1)(A) and one count of Distribution of Less than Fifty Grams of a Mixture/Substance Containing a Detectable Amount of Methamphetamine, its Salts, Isomers, or Salts of its Isomers in

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1



violation of 21 U.S.C. §841(b)(1)(C).

2. Movant asserts two grounds for relief. First, he contends that his counsel was ineffective because she promised him that he would receive a ten-year sentence upon his guilty plea, rather than the nearly twenty-two year sentence which was imposed. Second, Movant argues that he was denied due process because the "government failed to enter 851 motion or hearing".

3. To succeed on his ineffective assistance of counsel claims Movant must meet the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, he must "show that counsel's representation fell below an objective standard reasonableness" Strickland, 466 U.S. at 688. Secondly, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694; See also, Hatch v. Oklahoma, 58 F.2d 1447 (10th Cir. 1995). Movant cannot meet either of the requirements of Strickland.

4. Movant's claims fail upon review of the record. Plaintiff's plea hearing was conducted on December 18, 2003, before the Honorable Monti L. Belot in Las Cruces, New Mexico. During the hearing, Judge Belot asked the several defendants appearing before him if they understood that their lawyers had not promised them a sentence. Each of the defendants, including Movant, individually answered "yes". Transcript of 12/18/03 Plea Hearing, pp. 12-13. Later, Judge Belot asked Movant if he understood that the government was not making any agreement with him regarding the sentence he might receive and Movant again answered "yes". Id. at 20. Judge Belot also explained to Movant that the mandatory minimum sentence for the first crime to which he was pleading guilty was ten years and that the maximum possible sentence was live imprisonment. Id. at 17-18. Movant indicated his understanding of that sentence, and also stated that he understood that he could be sentenced to more than ten years imprisonment. Id. Later, Judge Belot explained that

Movant was waiving his right to appeal and indicated that it was possible that Movant would receive a sentence greater than ten years and up to life imprisonment. Movant again expressed his understanding of those facts. Id. at 21-22.

5. Movant's declarations in open Court carry a strong presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity). The subsequent presentation of contentions that, in the face of the record, are wholly incredible are subject to summary dismissal. Id., also see Marchibroda v. United States, 368 U.S. 487, 495-496 (1962); Lassiter v. Thomas, 89 F.3d 699, 703-04 (10th Cir. 1996). In the light of Judge Belot's thorough explanation to Movant of the consequences of his plea and the likely range of sentences he would face and Movant's repeated assertion that no promises had been made him regarding his sentence, his claim that his guilty plea was involuntary due to a promise from his attorney that he would receive a ten-year sentence is wholly incredible and must be dismissed.

6. Movant's second claim for relief is that "Due process was not adhered to when the government failed to enter 851 motion or hearing". Motion to Vacate Illegal Sentence filed November 28, 2003 (Docket No. 1). No further explanation of the claim is made. Petitioner is not entitled to relief on this claim because it is conclusory and establishes no basis for relief. See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir.1994) (concluding that "[a]lthough we must liberally construe Defendant's *pro se* petition, we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments."); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (stating that even *pro se* litigants must allege sufficient facts on which a recognized legal claim could be based and that conclusory allegations will not suffice).

**RECOMMENDED DISPOSITION:**

That the instant §2255 motion be denied and this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**