IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  -vs-                                                                      CRIMINAL No. 02-1488 LH

MIGUEL TORRES,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** is before the Court on Defendant's letter (ECF No. 27), filed November 14, 2014, which the Court construes as Defendant's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), and the United States' Motion for Order Regarding Defendant's Ineligibility to Reduce [sic] Sentence (ECF No. 30) ("Motion Ineligibility"), filed April 24, 2016. Counsel for Defendant was appointed on November 17, 2014. The Court, having reviewed the Motions, the record in this matter, and the applicable law, finds that the government's Motion is well taken and will be **granted** and that Defendant's Motion will be **dismissed for lack of jurisdiction**.

    The United States argues that Defendant is ineligible for resentencing because he was sentenced as a career offender, pursuant to U.S.S.G. § 4B1.1, not under the drug guidelines and, therefore, Amendment 782 does not lower his sentencing range. Counsel for Defendant took no position on the government's Motion. Mot. Ineligibility 1.

Defendant pled guilty to a two-count Information: Count I – Possession with Intent to Distribute 50 Grams and More of Methamphetamine, its Salts, Isomers, or Salts of its Isomers and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; and Count II – Distribution of Less Than 50 Grams of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, its Salts, Isomers, or Salts of its Isomers and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.  Defendant's criminal history points totaled 17, establishing a criminal history category of VI.  He also qualified as a career criminal, pursuant to USSG § 4B1.1, resulting in a base offense level of 37, which was adjusted to 34 for his acceptance of responsibility.  The total offense level of 34 and criminal history category of VI resulted in a guideline imprisonment range of 262 to 327 months for Count I and 240 months for Count II.  The Court sentenced Defendant at the lower end of the guideline range for Count I, to 262 months imprisonment, to be served concurrently with the 240 months for Count II.

A defendant originally sentenced under the career offender guideline is not entitled to resentencing under the recent drug sentencing amendment and this Court does not have jurisdiction even to consider such a motion.  *See United States v. Gray*, 630 F. App'x 809, 812-13 (10th Cir. 2015) ("Although Amendment 782 retroactively reduces base-offense levels corresponding to the same weight of controlled substances listed in U.S. Sentencing Guidelines Manual § 2D1.1, it has no effect on sentences like Gray's—those calculated by applying § 4B1.1, the career-offender guideline.") (footnote omitted)) (citing *United States v. Thomas,* 775 F.3d 982, 982 (8th Cir.2014) (stating that amendment 782 "did not lower the sentencing range established for a career offender by § 4B1.1"); U.S. Sentencing Guidelines Manual Supp. App. C, at 74 (2014) (stating that "guideline

enhancements for offenders who . . . are repeat or career offenders[ ] ensure that the most dangerous or serious offenders will continue to receive appropriately severe sentences") (alteration in original)).

Thus, having been sentenced as a career offender, Defendant's original sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and this Court lacks jurisdiction to consider his Motion on the merits. *See id.* at 813 (citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014); *United States v. Burks*, 301 F. App'x 781, 782 (10th Cir.2008)).

WHEREFORE,

**IT IS HEREBY ORDERED** that the United States' Motion for Order Regarding Defendant's Ineligibility to Reduce [sic] Sentence (ECF No. 30), filed April 24, 2016, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 27), filed November 14, 2014, is **DISMISSED FOR LACK OF JURISDICTION**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**